IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOUGLAS W. MAROLF, | ) |
| | ) |
| Plaintiff, | ) 4:09CV3221 |
| | ) |
| v. | ) |
| | ) |
| AYA AGUIRRE & ARANZABAL | ) **MEMORANDUM AND ORDER** |
| S.A., NORTHEAST SHOOTING | ) |
| SPORTS, L.L.C., f/k/a AYA U.S.A., | ) |
| ARMES DE CHASSE, an | ) |
| Association, LOUISE K. FOLEY, | ) |
| Individually and as Trustee ad Litem | ) |
| of Armes de Chasse, and ARMUND | ) |
| E. FOLEY, Individually and as | ) |
| Trustee ad Litem of Armes de | ) |
| Chasse, | ) |
| | ) |
| Defendants. | ) |

After being injured by a shotgun "when its left barrel exploded without warning," Nebraska resident Douglas Marolf filed this product liability action against AyA Aguirre & Aranzabal S.A. ("AyA"), a manufacturer and international seller of firearms based in Spain, and Northeast Shooting Sports, L.L.C., f/k/a AyA U.S.A. ("Northeast"), which the plaintiff alleges to be AyA's "United States agent and alter ego" that "placed the shotgun in the stream of commerce."[1]  (Filing 1, Complaint.) Service of summons was made on both AyA and Northeast via delivery to Thomas Hall, 1375 Boston Post Road, Old Saybrook, CT 06475.  (Filings 10, 11.)

---

[1]Plaintiff alleges that defendant AyA designed and manufactured the offending shotgun; defendants AyA and Northeast sold the gun to defendant Armes de Chasse ("Armes"); Armes sold the gun to a retailer; the retailer sold the gun to "an end user"; and "Plaintiff purchased the shotgun from a private party."  (Filing 1, Complaint ¶ 8.)

Defendant AyA has filed a motion to dismiss for insufficient service of process and lack of personal jurisdiction. (Filing 23.) Defendant Northeast has filed a motion to dismiss for failure to state a claim and lack of personal jurisdiction. (Filing 26.) In response, Plaintiff has filed what he calls a "Cross-Motion to the Motions to Dismiss of Defendants AyA and Northeast Shooting Sports; To Stay Deadline to Respond; and for an Order to Permit Discovery," in which he requests that the court: (1) strike various exhibits[2] filed by AyA and Northeast in support of their motions to dismiss because the exhibits lack foundational affidavits identifying and authenticating them; (2) stay the deadline to respond to the motions to dismiss; and (3) allow Plaintiff to conduct limited discovery on the issues of "personal jurisdiction and minimum contacts," as well as sufficiency of service, both of which are grounds for the defendants' motions to dismiss. (Filings 31, 40.)

First, because counsel for AyA and Northeast has filed an affidavit identifying and authenticating the exhibits to which Plaintiff objects (filing 39-1), I shall deny the plaintiff's motion to strike exhibits. Second, because I have already stayed Plaintiff's deadline to respond to AyA's and Northeast's motions to dismiss, I shall deny that portion of the Plaintiff's motion as moot. (Filing 36.)

The third issue raised by Plaintiff's motion is his request to conduct limited jurisdictional discovery regarding AyA's and Northeast's relationship for purposes of establishing sufficiency of service and these defendants' contacts with the state of Nebraska. In support of his motion, Plaintiff has filed documentary evidence suggesting that Northeast continues to do business under its former name, "AyA U.S.A."; both defendants continue to hold Northeast out as "AyA U.S.A.," suggesting that Northeast is actually an arm of AyA; AyA and Northeast share the same Web site; Northeast promotes AyA's products as its own; Northeast displays and uses

---

[2]Plaintiff moves to strike Exhibits 2 and 4 of Filing 28 and Exhibit 3 of Filing 25.

AyA's trademark and trade name in advertising its products; the defendants hold Northeast out as a "fine gun maker," as opposed to solely an importer; and AyA manufactures certain shotguns exclusively for a Nebraska company known as Cabela's, which is headquartered in, and has retail stores located throughout, Nebraska and which maintains a Web site on which various AyA guns are advertised as being "A Cabela's Exclusive." (Filing 33 & Exhibits.)

Discovery is not limited "to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. For example, where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 & n.13 (1978). When the plaintiff offers "documentary evidence, and not merely speculations or conclusory allegations," about a defendant's contacts with the forum, a district court should not dismiss the action for lack of personal jurisdiction over the defendant "without permitting him to take some jurisdictional discovery to establish whether general personal jurisdiction would be justified." *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008). *See also Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 708-14 (8th Cir. 2003) (district court abused discretion when it denied motion to conduct jurisdictional discovery and several questions of fact existed regarding business and internet contacts with forum)*; Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004) (district court did not abuse discretion in denying plaintiff opportunity to conduct jurisdictional discovery because plaintiff merely rested on conclusory allegations in complaint to establish minimum contacts and failed to rebut challenge to exercise of jurisdiction with testimony, affidavits, or other documents).

Within this district, we have recognized that "facts which would establish personal jurisdiction over the defendant are often in the exclusive control of the defendant," and "a plaintiff may be unable, without some discovery, to properly respond to a motion to dismiss pursuant to 12(b)(2), and a court will therefore allow

some discovery." *Shoemoney Media Group, Inc. v. Farrell*, No. 8:09CV131, 2009 WL 1383281, at *6 (D. Neb. May 14, 2009) (Gossett, Mag. J.). *See also NuTone, Inc. v. Jakel, Inc.*, No. 8:07CV305, 2009 WL 1974441, at *2 (D. Neb. July 6, 2009) (Thalken, Mag. J.) ("It may be appropriate to permit jurisdictional discovery to establish whether personal jurisdiction is justified.").

Plaintiff has filed documentary evidence creating questions of fact regarding AyA's and Northeast's contacts with Nebraska, facts which bear directly upon the question of whether this court's exercise of personal jurisdiction over these defendants is appropriate. Plaintiff has also submitted evidence suggesting that Northeast is actually an arm of AyA such that service of summons upon Northeast and AyA at one business location in the United States was effective as to both defendants. Because personal jurisdiction and sufficiency of service are the bases of the defendants' motions to dismiss (filings 23, 26), I shall permit Plaintiff to conduct limited and tailored jurisdictional discovery on these issues. Further, I shall set a deadline for the filing of Plaintiff's responses to the pending motions to dismiss.

IT IS ORDERED:

1. Plaintiff's Cross-Motion to the Motions to Dismiss of Defendants AyA and Northeast Shooting Sports; To Stay Deadline to Respond; and for an Order to Permit Discovery (filing 31) is granted in part and denied in part, as follows: (a) Plaintiff's motion to strike exhibits is denied; (b) Plaintiff's motion to stay the deadline to respond to the pending motions to dismiss (filings 23, 26) is denied as moot; and (c) Plaintiff's motion to conduct limited jurisdictional discovery regarding the relationship between defendants AyA Aguirre & Aranzabal S.A. and Northeast Shooting Sports, L.L.C., for purposes of establishing sufficiency of service and regarding these defendants' contacts with the state of Nebraska is granted;

2. Plaintiff's jurisdictional discovery, limited to the issue of the relationship

between defendants AyA Aguirre & Aranzabal S.A. and Northeast Shooting Sports, L.L.C., for purposes of establishing sufficiency of service and the issue of these defendants' contacts with the state of Nebraska, shall be completed on or before April 9, 2010;

3. Plaintiff shall respond to the motions to dismiss filed by defendants AyA Aguirre & Aranzabal S.A. and Northeast Shooting Sports, L.L.C., (filings 23, 26) on or before April 30, 2010, and defendants AyA Aguirre & Aranzabal S.A. and Northeast Shooting Sports, L.L.C., may file a reply to Plaintiff's response on or before May 10, 2010;

4. The Clerk of Court shall adjust the court's computerized internal record-keeping system to reflect that the "response due" date on Filings 23 and 26 is April 30, 2010, and the "reply due" date is May 10, 2010.

DATED this 10th day of March, 2010.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.