IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOUGLAS W. MAROLF, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3221 |
| | ) | |
| V. | ) | |
| | ) | |
| AYA AGUIRRE & ARANZABAL S.A., | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for protective order, (filing no. 86) and the plaintiff's motion to compel, (filing no. 80). For the reasons set forth below the defendant's motion for protective order is granted and the plaintiff's motion to compel is granted in part and denied in part.

## BACKGROUND

This dispute involves a products liability claim by Douglas Marolf ("Marolf") against AyA Aguirre & Aranzabal S.A. ("AyA") resulting from injuries Marolf suffered due to an alleged defect in a model No. 2, 28 gauge shotgun manufactured by AyA (the "Subject Shotgun"). Marolf served AyA with interrogatories and requests for production of documents on October 18, 2010. AyA responded with its answers and objections on November 23, 2010. In accordance with Fed. R. Civ. P. 37(a)(2)(A) and NECivR 7.0.1(i) the parties conferred in an effort to resolve the disputes over AyA's answers and objections, but were unable to do so. AyA agreed to supplement its discovery responses by the "first week of January." Filing No. 90, p. 2. Marolf filed a motion to compel on January 6, 2011, (filing no. 80). AyA supplemented its responses on January 8, 2011 and contends that those supplemental responses render many on Marolf's objections moot. Filing No. 90, p. 18.

Marolf disagrees with that assessment and in his reply brief in support of his motion to compel, asserts the following discovery requests and answers are still in dispute:

> INTERROGATORY NO. 2:   Identify all persons with knowledge of any facts related to this action and a brief statement of each person's connection with the case.
>
> ANSWER:   Defendant objects to this interrogatory as premature as no significant discovery has been undertaken. Defendant further objects to this interrogatory to the extent that it seeks to discover information protected from disclosure by the attorney-client, work product, or consulting expert privileges. Without waiving the foregoing objections, defendant assumes that plaintiff and any witness to his use of the shotgun possess relevant knowledge. In addition, plaintiff and anyone involved in his purchase of the shotgun would possess relevant knowledge. Likewise, anyone involved in the chain of manufacture or distribution of the ammunition in use would fit the description of individuals with relevant knowledge. It is likely that plaintiff's healthcare providers possess relevant knowledge relating to this incident.
>
> SUPPLEMENTAL ANSWER: Defendant is unable to identify the craftsman who would have assembled the shotgun in 1993.
>
> INTERROGATORY NO. 5:   Identify all drawings, computations, specifications, schematics, records, memoranda and other written or recorded documents relating to the design, assembly, development or manufacture of the Subject Shotgun.
>
> ANSWER:  Defendant objects to this demand on the grounds that it is overly broad and unduly burdensome. Defendant objects to this demand on the grounds that it seeks irrelevant information. Defendant objects to this demand on the grounds that it appears calculated solely to harass, intimidate and annoy the defendant and to unnecessarily increase the costs of this litigation. Defendant further objects on the grounds that this demand seeks production of commercially sensitive, proprietary, confidential and trade secret information which if disclosed could adversely affect the defendant's competitive position in the market. Defendant will make any discoverable information available after entry of a protective order.

INTERROGATORY NO. 14: Identify all communications between you and any other person or entity, including, but not limited to Plaintiff, relating or referring to the subject matter of this litigation. This Interrogatory is not intended to breach those communications that fall under the Attorney/Client Privilege.

ANSWER: Plaintiff submitted a pre-litigation demand to defendant.

SUPPLEMENTAL ANSWER: Counsel or Northeast Shooting Sports may have advised Defendant of this litigation. There have been no other communications which would fall within this request.

INTERROGATORY NO. 19: Identify by name, document number, drawing number, or whatever designation was used in the normal course of business, each engineering drawing, draft, specification, blueprint, plan or design relating to the Subject Shotgun, its component parts, or AyA 28 gauge shotguns that are the same or similar to the Subject Shotgun.

ANSWER: Defendant objects to this demand on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this demand on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this demand on the grounds that it appears calculated solely to harass, intimidate and annoy the defendant and to unnecessarily increase the costs of litigation. Defendant objects on the grounds that some or all of the documents requested are confidential, proprietary and commercially sensitive. Without waiving the foregoing objections, defendant is not in possession of design drawings that would have been used during the manufacture of the incident shotgun in 1993. However, defendant will reconsider its objections, after entry of a protective order, and if plaintiff reasonably limits this request to a relevant part or sub-assembly of the subject product, and defendant will endeavor to locate relevant and responsive documentation.

INTERROGATORY NO. 21: Identify all documents of any nature including computer files, indexes, lists, or documents by any other name, relating to or referring to any complaints, claims, potential claims, notices, or settlements of claims, where an AyA 28 gauge shotgun is alleged to have or is likely to have a barrel that exploded. This includes documents of any nature, including but not limited to contracts, releases, settlement agreements, correspondence,

memoranda, interoffice memoranda, maintenance bulletins, internal communications, communications to dealers, distributors, repair facilities or service centers, computer or electronic documents or files of any form, computer assisted drawings or documents of any nature or any other electronic media.

ANSWER: Defendant objects to this demand on the grounds that it is overly broad. Defendant objects on the grounds of vagueness and confusion. Defendant objects on the grounds that it is duplicative of prior demands. Objection is made to the extent this request calls for speculation or expert opinions. Defendant objects to this demand on the grounds that it is not sufficiently limited to substantially similar products or circumstances. Defendant objects to discovery as to any alleged claims in that they have not been verified or proven in any sufficient manner to insure the accuracy or reliability of the allegations asserted. Defendant objects to the extent any of the materials requested are subject to confidentiality orders or agreements. Without waiving the foregoing objections defendant is not in possession of any materials responsive to this demand.

SUPPLEMENTAL ANSWER: Defendant is still not in possession of any information relative to this demand.

REQUEST NO. 12: Copies of all documents relating to the design of the subject shotgun, including schematics, diagrams, specifications, parts lists, manufacturing or assembly procedures, standards and/or guidelines, engineering drawings, engineering memos or change orders and/or other documents utilized in the design, assembly and manufacture of the subject shotgun and/or its component parts.

RESPONSE: Defendant objects to this demand on grounds that it is overly broad and unduly burdensome. Defendant further objects to this demand on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this demand on the grounds that it appears calculated solely to harass, intimidate and annoy the defendant and to unnecessarily increase the costs of this litigation. Defendant objects on the grounds that some or all of the documents requested are confidential, proprietary and commercially sensitive. Defendant contends that any materials produced should be subject to a protective order to prevent unauthorized dissemination of the materials.

Defendant will reconsider its objections if plaintiff reasonably limits this request to a part or sub-assembly of the subject product.

REQUEST NO. 18: Copies of all documents and communications identified in this Defendant's Answers to Plaintiff's First Set of Interrogatories not heretofore produced.

RESPONSE: Defendant objects to this demand on the grounds that it is vague, confusing and duplicative.

AyA also requested that the court enter a protective order before it fully responded to Marolf's discovery requests. Filing No. 86. The parties exchanged proposed protective orders, but could not reach an agreement on the content. The most significant difference between the respective proposed protective orders is Marolf's expectation that AyA list all documents for which it seeks protection; AyA seeks a blanket protective order.

## ANALYSIS

After a careful reading of the requests, responses and the parties' briefs on the motion to compel and motion for protective order the court summarizes the outstanding issues as follows: 1) the scope of the proposed protective order; 2) whether the scope of discovery includes information and documents regarding all parts of the Subject Shotgun or just the barrel; 3) whether the scope of discovery includes all 28 gauge shotguns manufactured by AyA or just the Subject Shotgun; and 4) whether AyA's answers to interrogatories and requests for production have been responsive.

**Protective Order**

AyA has refused to answer certain interrogatories and to respond to certain requests for production until a protective order is in place. Marolf recognizes a protective order is appropriate, but argues the court should first decide the scope of discovery and then require AyA to provide a list of documents or specific categories of documents that will be subject to the protective order.

Courts generally recognize at least three types of protective orders: (1) particular protective orders; (2) umbrella protective orders and (3) blanket protective orders. See Gillard v. Boulder Valley School District RE-2, 196 F.R.D. 382, 385 (D. Colo. 2000). Particular protective orders involve the protection of specific, identified information and requires court review of this information prior to disclosure. Id. at 385-86. Umbrella protective orders typically designate "all discovery as protected without any prior review whatsoever, by either the court or the parties." Id. at 386. Blanket protective orders are described as follows:

> Blanket protective orders place upon the parties themselves . . . the initial burden of determining what information is entitled to protection. Normally, a blanket protective order requires that counsel for a producing party review the information disclosed and designate that information it believes, in good faith, is confidential or otherwise entitled to protection. The designated information is thereafter entitled to the protections afforded by the blanket protective order unless the designation is objected to by an opposing party.

Id. at 386.

The burden of proof regarding the designation of confidential documents has been further described as follows:

> First, a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a generalized as opposed to a document-by-document basis. Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to only invoke the designation in good faith. After receiving documents, the opposing party has the right to contest those documents which it believes not to be confidential. At this stage, the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation. Thus, the burden of proving confidentiality never shifts from the party asserting that claim-only the burden of raising that issue.

Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc., 121 F.R.D. 264, 268 (M.D.N.C. 1988).

In this case, AyA is requesting a blanket protective order, seeking protection for discovery it designates as confidential or discovery containing trade secrets or other commercially sensitive information. Filing No. 88-1. Marolf refused to stipulate to the proposed order, alleging the draft submitted by AyA did not require AyA to make such designations in good faith and allowed AyA to shift the burden of proof onto Marolf regarding whether the documents are properly protected. Instead, Marolf submitted its own version of a protective order, one which appears to be a particular protective order and requires AyA to specifically identify documents for which it seeks protection. (Filing No. 88-5).

The court finds AyA has met its initial burden of showing good cause to believe that the discovery will involve confidential or protected information necessary for the entry of a blanket protective order. AyA has asserted that it is in possession of " a confidential and proprietary design drawing" and Marolf's requests for production appear to seek other information that appears to constitute confidential and/or trade secret information. Thus, entry of a blanket protective order is appropriate.

The blanket protective order proposed by AyA is virtually identical to protective orders customarily approved by this court in similar cases. Marolf is concerned that the proposed order does not require AyA to make a good faith designation for documents or testimony it deems subject to the protective order, in essence giving AyA carte blanche to designate any documents it likes as confidential. Despite Marolf's concerns, the good faith requirement is implicit in all blanket protective orders. See Parkway Gallery, 121 F.R.D. at 268. In addition, although the court will enter a protective order based on the AyA's proposed protective order, the order entered by the court will expressly require AyA to make any such designations in good faith. In addition, the court has also expressly noted that AyA will maintain its burden of proof regarding the confidential nature of the documents if Marolf challenges the designation in court. Thus, AyA's motion for a protective order is granted as modified by the court and will be entered in a separate order.[1]

**Scope of Discovery**

The parties disagree on the permissible scope of discovery. Marolf seeks discovery regarding the gun barrel, the entire Subject Shotgun, and all other 28 gauge shotguns manufactured by AyA. In turn, AyA alleges discovery should be limited only to information regarding the barrel of the Subject Shotgun.

In general, the scope of discovery is very broad. Relevancy, for the purposes of discovery, encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc.

---

[1] The court will also modify the proposed protective order to eliminate all language contemplating the filing of any confidential or restricted documents through the mail. All filing in civil cases in the District of Nebraska is completed electronically through CM/ECF, rendering any provisions to the contrary incorrect and unnecessary.

8

v. Sanders, 437 U.S. 340, 351 (1978). However, the party seeking discovery must make a threshold showing that the requested information or documents are relevant to the plaintiff's actual claims or defenses. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1193 (10th Cir. 2009); Moses v. Halsted, 236 F.R.D. 667, 671 (D. Kan. 2006). In addition, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 599 (1998).

### 1. The Subject Shotgun

Marolf seeks a variety of information and documents regarding the design and assembly of the Subject Shotgun. AyA argues the only part of the Subject Shotgun implicated in the complaint is the barrel. However, in seeking to inspect the entire shotgun, AyA correctly notes:

> You can't shoot the shotgun with just the barrels . . . . [T]he receiver and stock can provide evidence to support various defenses, such as misuse, alterations, etc. . . . Therefore, we must have the entire gun for this inspection.

Filing No. 82-6, p. 2. AyA asserts in its answer that the Subject Shotgun was "used, altered, modified, and/or abused . . . and in no way is [AyA] liable for damages resulting from such alteration, modification, repair, misuse, abuse, or abnormal use of such product." Filing No. 99.

By asserting in its answer that the Subject Shotgun has been altered or modified, and its subsequent request to examine the entire Subject Shotgun, AyA has clearly implicated the entire design and thus made the design and specifications of the entire Subject Shotgun relevant for the purposes of discovery. AyA cannot claim it is entitled to examine the entire Subject Shotgun in order to bolster its claimed affirmative defenses, while concurrently

refusing to provide Marolf with information he may potentially need to refute the AyA's claims of modification or misuse. Therefore, Marolf is entitled to the information pertaining to the design documents for the entire Subject Shotgun.

## 2. Other AyA 28 gauge shotguns

Marolf also seeks information and documents regarding other models of AyA 28 gauge shotguns that are the "same or similar" to the Subject Shotgun. Marolf contends all AyA 28 gauge shotguns "will share the same bore diameter. Thus, these different models are relevant because they share with the accident-causing model characteristics that are pertinent to the legal issues raised in the litigation." Filing No. 93, p. 5.

All 28 gauge shotguns, whether manufactured by AyA or some other company, share some inherent similarities, including the bore diameter. However, it is also conceivable, if not likely, that the other models of 28 gauge shot guns manufactured by AyA may have significant differences when compared with the No. 2, 28 gauge shotgun at issue in this case. For instance, other models may have different barrel lengths or different chokes.

For the purpose of discovery, other models are the "same or similar" to the allegedly defective model if they share the identical allegedly defective component. See Hofer v. Mack Trucks, Inc. 981 F.2d 377, (8th Cir. 1992); see also Piacenti v. General Motors Corp., 173 F.R.D. 221, 224 - 25 (N.D. Ill. 1997) (citing several cases which hold different models must contain the identical component part in question); Fine v. Facet Aerospace Products Co., 133 F.R.D. 439, 442 (S.D.N.Y. 1990) (different models must have "identical" component parts to be relevant). The fact that all 28 gauge shotguns, whether manufactured by AyA or some other company, share the same bore diameter, does not entitle Marolf to information about every model of 28 gauge shotgun produced by AyA. Thus, AyA's

requirement to respond to the disputed discovery requests is limited to only those 28 gauge shotguns manufactured by AyA with barrel specifications identical to those of the Subject Shotgun.

### AyA's responsiveness to discovery requests

Marolf seeks an order also requests that the court "admonish[] [AyA] and its attorneys of their continuing duty to provide honest, explicit, responsive, complete and non-evasive answers to discovery." Filing No. 93, p. 13. A review of AyA's responses to some of the contested interrogatories and requests for production leaves the court less than impressed with AyA's responsiveness. For instance, AyA's responses to Interrogatory No. 14, whereby it is apparently only identifying communications after Marolf brings them to AyA's attention, are troubling.

AyA's response to Interrogatory No. 2 is also not responsive. AyA has been asked to identify persons who possess facts related to the action. AyA has failed to identify a single individual at AyA who had any part in the manufacturing, design or marketing of the shotgun in question. If, after a reasonable inquiry, it determines that it cannot identify any individuals who may have knowledge of the subject shotgun AyA must say so in a signed response, as mandated by Fed. R. Civ. P. 33(b)(5).

This court also shares Marolf's confusion regarding AyA's response to Interrogatory No. 21 in light of the fact AyA has been previously involved in a suit that involved the left barrel of an AyA double barrel shotgun exploding. If that incident involved a No. 2 AyA shotgun or one with an identical component part, as previously defined in this order, AyA

has an obligation to identify the documents surrounding that claim.[2] To the extent AyA has not already provided full and complete answers to Interrogatory Nos. 2, 14, and 21, it is ordered to do so. AyA should also be aware, that any future evasive conduct will not be tolerated. See Fed. R. Civ. P. 11 and 37.

**Attorneys Fees**

Marolf has requested an award of attorneys fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). As explained above, the court does not condone AyA's less than forthcoming approach to discovery. However, in this instance, and notwithstanding Aya's questionable conduct, a reasonable controversy existed as to the protective order and the scope of discovery. Under the circumstances, an award of attorneys' fees is not warranted at this time.

IT IS ORDERED:

1) The defendant's motion for protective order, (filing no. 86) is granted. The protective order will be entered separately by the undersigned magistrate.

2) The plaintiff's motion to compel, (filing no. 80), is granted in part and denied in part. Plaintiff is entitled to discovery with respect to all components of the Subject Shotgun, but discovery requests shall be restricted to the Subject Shotgun or other 28 gauge shotguns manufactured by AyA with barrel specifications identical to the Subject Shotgun. Based on these parameters, AyA shall provide supplemental answers to its previous discovery responses by March 24, 2011.

---

[2] That is not to say that AyA must produce the documents at this time, but it must comply with the request to identify the documents.

3)      To the extent the defendant has not provided responsive answers to Interrogatory requests Nos. 2, 14, and 21, it is ordered to supplement its answers by March 24, 2011.

4)      The plaintiff's motion for attorneys' fees is denied.

5)      The parties shall participate in a status conference with the undersigned magistrate on April 4, 2011 at 10:00 a.m (CDT) to discuss any outstanding discovery issues. Counsel for plaintiff shall initiate the call.

DATED this 8th day of March, 2011.

BY THE COURT:

*S/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.