IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DOUGLAS W. MAROLF,**<br><br>Plaintiff,<br><br>vs.<br><br>**AyA AGUIRRE & ARANZABAL S.A.**<br>**and NORTHEAST SHOOTING**<br>**SPORTS, L.L.C. f/k/a AyA U.S.A.,**<br>**ARMES DE CHASSE, an Association,**<br>**LOUISE K. FOLEY and ARMUND E.**<br>**FOLEY, individually and as Trustees ad**<br>**Litem of Armes de Chasse,**<br><br>Defendants. | **4:09-cv-03221-RGK-CRZ**<br><br>**PROTECTIVE ORDER** |

This matter is before the court on the defendant's motion for protective order (filing no. 86). The Motion was granted by order of this court. The terms of the Protective Order are set forth below.

**IT IS HEREBY ORDERED** that any and all documents produced or to be produced by any party to this action pursuant to any Interrogatory, Request for Disclosure, Request for Production of Documents, Request for Admission, Deposition Notice or any other discovery device served by any other party, or testimony by way of deposition, interrogatory or at trial concerning the business practices of AyA AGUIRRE & ARANZAAL S.A., which are in good faith designated by the Defendant as proprietary, confidential, trade secrets and otherwise sensitive commercial information, shall be subject to this Protective Order. These documents and testimony are referred to as "Protected Documents" and "Protected Testimony," as hereinafter defined, and are to be maintained in a confidential manner under the procedures as hereinafter set forth:

1.      The term "Protected Document" as used herein shall mean any document (including, but not limited to, any and all excerpts, digests, summaries or indices thereof) produced during discovery and designated at the time of production by defendant AyA AGUIRRE & ARANZAAL S.A. as a "Protected Document."  A "Protected Document" shall continue to be a "Protected Document" until such time as the producing party, AyA AGUIRRE & ARANZAAL S.A., expressly agrees in writing that the document is no longer considered to be a "Protected Document" or there is a finding by this Court that the document is not the proper subject of protection under the applicable law.

2.      The term "Protected Testimony" as used herein shall mean any testimony given by way of deposition, interrogatory, or at the trial of this action (including, but not limited to, any and all excerpts, digests, summaries or indices thereof) that is designated at the time the testimony is given and designated by defendant AyA AGUIRRE & ARANZAAL S.A. to be "Protected Testimony."  "Protected Testimony" shall continue to be "Protected Testimony" until such time as the producing party expressly agrees in writing that the testimony is no longer considered to be "Protected Testimony" or there is a finding by this Court that the testimony is not the proper subject of protection under the applicable law.

3.      The documents designated and produced as "Protected Documents" and testimony designated as "Protected Testimony" shall be given confidential treatment as described below.

4.      Without further order of this Court, requesting or receiving parties may disclose the contents of "Protected Documents" and "Protected Testimony" **only** to the following persons (hereinafter referred to as "Qualified Persons"):

      a.    Counsel of record in this action for requesting or receiving party;

      b.    Regular employees of such counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

      c.    Experts retained in this matter but only to the extent necessary for preparation or testifying by that expert, and subject to all of the terms and conditions of this Order, and provided that no disclosure shall be made to any person employed by any competitor of the party producing the "Protected Document" or giving "Protected Testimony" except upon further order of this Court;

      d.    Parties to this matter but only to the extent necessary for the defense or prosecution of this case, and subject to all of the terms and conditions of this Order;

      e.    The Court and its personnel and any jury empanelled in this action using
the approved method of submitting evidence confidential in nature.

5.    In the event that any person, expert or witness in this action or other "Qualified Person" is not willing to agree to be bound by this Order, the party seeking confidentiality may move the Court for an Order compelling the person to comply with this Order within twenty (20) days of written notification that the person is unwilling to be bound.  This provision is without waiver to any party's right to move the Court for a ruling on whether it may use material designated as "Protected Document" or "Protected

3

Testimony" pursuant to this Order in questioning an expert or witness who refuses to sign and is not compelled by the Court to maintain confidentiality.

6. If a person, expert or other "Qualified Person" refuses to acknowledge and be bound by this Order during the course of a deposition, the deposition may be adjourned so that

the party seeking confidentiality may move for an order compelling the witness to comply with this Order within twenty (20) days following the refusal to agree to this Order. The time for filing such a motion, when the refusal is during a deposition, is controlled by this paragraph.

7. Every "Protected Document" copied for production (including excerpts, digests, summaries or indices thereof) shall be clearly marked as follows:

**CONFIDENTIAL**
**U.S.D.C. District of Nebraska**
**Docket No. 09-cv-03221**
**SUBJECT TO PROTECTIVE ORDER**
**UNAUTHORIZED DUPLICATION PROHIBITED**

and shall remain at all times under the custody of counsel for the party or parties obtaining such documents, or their retained experts as defined in paragraph 4(c) above only.

8. "Protected Testimony" shall be designated by line identification by counsel for the producing party within thirty (30) days of receipt of the transcript of said testimony, or such other time period as stipulated by the parties, or noted in the record at the start and the conclusion of "Protected Testimony," and shall remain at all times under

the custody of counsel for the party or parties obtaining such testimony, or their retained experts as defined in paragraph 4(c) above only.

9. If plaintiff contends in good faith that any document or testimony has been erroneously designated as a "Protected Document" or "Protected Testimony" and subject to this Order, plaintiff and any "Qualified Persons" shall nevertheless treat the document as a "Protected Document" and the testimony as "Protected Testimony" unless and until plaintiff either: (a) obtains the producing party's counsel's written permission to do otherwise, or (b) after first meeting and conferring with counsel for the producing party, obtains an order of the Court finding that the document or testimony is not subject to this Protective Order. If Plaintiff's counsel seeks such an order from the Court, and pursuant to applicable law, the Defendant will bear the burden of proof in justifying retaining the status of the document or testimony as "Protected."

10. "Protected Documents," the material contained therein and "Protected Testimony" shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever other than "Qualified Persons," as defined above. Except as provided for in paragraph 4 above, plaintiff, defendant and "Qualified Persons" shall keep all "Protected Documents," the material contained therein and "Protected Testimony" confidential from all persons.

11. Before being given access to any "Protected Document" or "Protected Testimony," each "Qualified Person" shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree, in writing, to be bound by its terms by execution of the Affidavit attached hereto. Plaintiff's counsel shall maintain a list of all "Qualified Persons" to whom any "Protected Document," material contained therein or "Protected Testimony" is provided, specifying the "Protected Document," material or "Protected Testimony" provided to the "Qualified Person," and the list shall be available

for inspection by the Court at any time and by the producing party and/or its attorneys upon good cause or at the conclusion of the litigation, whether by verdict, dismissal, judgment or settlement.

12. Counsel for a requesting or receiving party shall keep records of all copies of each "Protected Document" or "Protected Testimony" made and/or distributed, in whole or in part, or any summaries or excerpts thereof to "Qualified Persons." Any copies so distributed shall be returned to the respective counsel immediately upon the completion of the "Qualified Person's" retention in this case.

13. To the extent that any "Protected Document" or information obtained therefrom is used in the taking of depositions, all such "Protected Documents" and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Protected Documents," "Protected Testimony" or information. At the time any "Protected Document" is used in any deposition, the reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order, and the reporter shall separately label the "Confidential" portions of the deposition transcript. Any "Protected Documents" marked as exhibits shall be kept in a separate sealed envelope, with the envelope appropriately marked that the contents are subject to Protective Order pursuant to paragraph 7. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order in substantially the same form as follows below:

> **This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.**

14. All documents that are filed with the Court that contain any portion of any "Protected Document" or information taken from any "Protected Document" (in summary form or otherwise) shall be filed pursuant to the court's rules regarding the electronic submission of confidential or restricted documents, on which shall be endorsed with the caption of the litigation, and a notation that the contents are subject to this Protective Order.

15. No requesting or receiving party or "Qualified Person" who receives copies of any "Protected Documents" or "Protected Testimony" or any part, portion, summary or excerpt thereof produced in accordance with this Protective Order, is authorized to disseminate or distribute in any manner, all or any part of the "Protected Document" or "Protected Testimony" to any other person, firm, corporation or organization, without the prior written consent of the producing party, or upon further order of this Court.

16. That all documents, information, or other data produced by AyA AGUIRRE & ARANZAAL S.A., which are the subject of this Protective Order, shall be used solely for the purposes of this litigation and not for any other purpose, including any educational purpose, lobbying, business purpose or any other litigation, mediation or arbitration.

17. Within twenty (20) days from and after the conclusion of this litigation, including any appeals, either: (a) by compromise settlement, (b) by stipulated dismissal, (c) by entry of final judgment, or (d) by conclusion of appeals, whichever shall occur first, all "Protected Documents," "Protected Testimony" or other materials subject to this Protective Order shall be retrieved by the party who sought their production and returned to counsel for AyA AGUIRRE & ARANZAAL S.A., including all "Protected Documents," "Protected Testimony," excerpts, digests, summaries, indices or testimony

relating thereto, in whatever form, including copies provided to experts, or any person, firm, corporation or organization obtaining the document as a "Qualified Person."

18. No requesting or receiving party, their counsel or experts, shall under any circumstances sell, offer for sale, advertise, communicate, disseminate, share, or otherwise publicize either the contents of "Protected Documents" or "Protected Testimony," or the fact that the requesting or receiving party has obtained confidential and/or privileged documents or testimony from AyA AGUIRRE & ARANZAAL S.A.

19. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have control.

20. After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the "Protected Documents" or "Protected Testimony" for enforcement of the provisions of this Protective Order following termination of the litigation.

21. If a party inadvertently produces "Protected Documents" or "Protected Testimony" not designated as such, it may redesignate such information by giving written notice to all parties that the production of such information without having been designated as "Protected Documents" or "Protected Testimony" was inadvertent. Upon receipt of such notice, all parties in possession of such information must stamp all such information as provided above, or alternatively, return the unmarked documents to the producing party who will appropriately stamp/mark such documents as subject to this

Stipulation and Order. Any such inadvertent production shall not be considered a waiver of the terms and conditions of this Stipulation and Order.

22. Neither the taking nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial that any document or communication is a "Protected Document" or "Protected Testimony" or subject to any other privileges or is inadmissible for any other reason.

DATED this 8th day of March, 2011

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOUGLAS W. MAROLF, ) | |
| ) | |
| Plaintiff, ) | 4:09-cv-03221-RGK-CRZ |
| ) | |
| vs. ) | |
| ) | |
| AyA AGUIRRE & ARANZABAL S.A. ) | |
| and NORTHEAST SHOOTING ) | |
| SPORTS, L.L.C. f/k/a AyA U.S.A., ) | |
| ARMES DE CHASSE, an Association, ) | |
| LOUISE K. FOLEY and ARMUND E. ) | |
| FOLEY, individually and as Trustees ad ) | |
| Litem of Armes de Chasse, ) | |
| ) | |
| Defendants. ) | |

## NON-DISCLOSURE AFFIDAVIT

STATE OF _____ )
                                            ) SS:
COUNTY OF _____ )

       I, _____, being of lawful age, do hereby depose and state as follows:

       1.    I do hereby acknowledge that I have received and read a copy of the attached Stipulated Protective Order.

       2.    I understand the terms and conditions of the Stipulated Protective Order.

       3.    I agree to be bound by the terms of the Stipulated Protective Order, and will not reveal any "Protected Document" or "Protected Testimony" to any unauthorized person.

4. I will return all "Protected Documents" or "Protected Testimony" to the producing party within ten (10) days after the producing party is no longer a party to this action or within ten (10) days after I am no longer employed by counsel of record, whichever event occurs sooner.

5. I understand that unauthorized disclosures of "Protected Documents" or "Protected Testimony" in violation of this Order may constitute civil contempt of Court.

6. I consent to the exercise of personal jurisdiction by this Court for enforcement of all terms of this Order.

FURTHER AFFIANT SAITH NOT.

This ____ day of _____ 201__.

_____

(Name):

(Address, City, State, Zip):

(Telephone #):

(Affiliated Company):

Relationship to this lawsuit: _____

Subscribed and sworn to before me
this ___ day of _____ 201__.


_____
Notary Public
My Commission Expires: _____
Seal: